IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

TERRANCE SYKES, JR.,

    Plaintiff,

v.                                     Civil Action No. 5:13CV92
                                                     (STAMP)

UNITED STATES OF AMERICA,

    Defendant.

## MEMORANDUM OPINION AND ORDER AFFIRMING AND ADOPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

### I. Background

On September 4, 2013, the plaintiff, who is an inmate at USP Lee and previously incarcerated at USP Hazelton, filed this civil action in this Court. In his complaint, the pro se[1] plaintiff raises claims under the Federal Tort Claims Act pursuant to 28 U.S.C. § 2671, et seq., alleging that while at USP Hazelton, he injured his knees while moving through the yellow corridor to the recreation yard when he tried to avoid a violent alteration that erupted between two groups of inmates. The plaintiff asserts that when he fell on the uneven, rocky terrain, he sustained a ruptured right patellar tendon and a mild lateral subluxation of the left knee, with a partial tear of the left proximal patellar tendon and teninosis or tendinitis in his left knee. The plaintiff claims

---

[1]"Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1416 (10th ed. 2014).

that he suffered further injury due to the nurse improperly transporting him and due to improper transportation to the hospital.

The plaintiff asserts that he underwent orthopedic surgical repair to his right patellar tendon on September 2, 2010, but aside from one session with an orthopedic specialist on November 24, 2010, he was denied physical therapy for his knee. As a result of the denial of physical therapy, the plaintiff claims that he has suffered mental and emotional distress. Further, the plaintiff alleges that the injury to his left knee was overlooked and he did not receive proper or timely treatment for it because of the obvious injury to his right knee. As a result, the plaintiff claims that he needs further surgery, he has to walk with a brace, take anti-inflammatory medication for pain, and he has developed chronic arthritis in his knees. The plaintiff also contends that the medical staff fraudulently failed to truthfully record how his injuries occurred and conspired to cover up his improper transportation by fabricating a story to conceal their negligence. Further, in addition to his medical claims against USP Hazelton medical staff, the plaintiff also raises a negligence claim against the defendant for its alleged negligent failure to keep the grounds

free from hazards.  As relief, the plaintiff seeks compensatory damages in the amount of $5,000,000.00.[2]

The defendant filed an answer, denying the allegations in the complaint and asserting 15 other affirmative defenses, including but not limited to the failure to state a claim upon which relief can be granted, untimeliness, failure to submit a notice of claim and screening certificate of merit as required by West Virginia Medical Professional Liability Act ("MPLA"), negligence on the part of the plaintiff, failure to exhaust remedies, and lack of subject matter jurisdiction.  See ECF No. 47.  The plaintiff thereafter filed a motion to strike the defendant's affirmative defenses, in which he reiterates his claims and asserts that because he is a pro se litigant, he is entitled to a liberal construction and that the defendant's pleading and defenses should be stricken as insufficient, frivolous, redundant, impertinent, and immaterial.

In accordance with Local Rule of Prisoner Litigation Procedure 2, this case was referred to United States Magistrate James E. Seibert for initial review and report and recommendation. Magistrate Judge Seibert issued a report and recommendation recommending that the plaintiff's complaint be dismissed with prejudice for failure to state a claim upon which relief can be

---

[2]Insomuch as the plaintiff's objections concern the magistrate judge's factual recitation, this Court finds such objections to be without merit, as the factual corrections provided in the plaintiff's objections do not alter the findings below.

granted. The magistrate judge advised the parties that, pursuant to 28 U.S.C. § 636(b)(1)(C), any party may file written objections to his proposed findings and recommendations within 14 days after being served a copy of the report and recommendation. The plaintiff thereafter filed timely objections to the report and recommendation.

## II. Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. Because objections have been filed in this case, this Court will undertake a de novo review.

## III. Discussion

A. Plaintiff's Motion to Strike Affirmative Defenses

The magistrate judge indicates in his report and recommendation that the plaintiff filed a motion to strike the defendant's affirmative defenses asserted in its answer. The magistrate judge, however, does not note whether or not such motion should be granted or denied. The plaintiff objects to this by stating that the magistrate judge should have decided the plaintiff's motion to strike first, which the magistrate judge should have granted and that any dismissal of this action was premature due to the procedure used by the magistrate judge. Further, the plaintiff argues that because the defendant did not

4

plead dismissal for failure to state a claim as an affirmative defense, and thus, did not provide the plaintiff with an opportunity to strike such defense, it was improper for the magistrate judge to dismiss the plaintiff's claims on such basis. This Court finds both objections to be without merit.

Pursuant to 28 U.S.C. § 1915(e), this Court is required to dismiss all civil actions filed without prepayment of a filing fee, if at any time it is determined that the plaintiff proceeding without prepayment "fails to state a claim on which relief may be granted" or if the action seeks recovery from an individual that is immune. 28 U.S.C. § 1915(e)(2). In determining whether a complaint states a claim upon which relief may be granted, a court should not scrutinize the pleadings "with such technical nicety that a meritorious claim should be defeated . . . ." Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978). Thus, a pro se complaint should not be summarily dismissed unless "it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Haines v. Kerner, 404 U.S. 519, 521 (1972) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

Accordingly, the magistrate judge need not have decided plaintiff's motion to strike the defendant's affirmative defenses prior to recommending that this case be dismissed for failure to state a claim, as dismissal for the failure to state a claim can be

5

made "at any time" pursuant to § 1915(e)(2). Further, nothing in § 1915(e)(2) requires that the defendant plead failure to state a claim as an affirmative defense or bring a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure prior to dismissal under § 1915(e)(2). Thus, because this Court finds it appropriate that the magistrate judge recommended dismissal of the plaintiff's claim without first deciding plaintiff's motion to strike and without the defendant having plead the failure to state a claim as an affirmative defense or brought a motion under Rule 12(b)(6), this Court denies plaintiff's motion to strike as moot because the motion to strike does not affect the findings below concerning plaintiff's FTCA claims.

This Court notes that the plaintiff also asserts that the magistrate judge had previously determined that the claims were not frivolous when he ordered the defendant to answer the plaintiff's complaint. Thus, the plaintiff asserts that the magistrate judge cannot now dismiss the plaintiff's claim without a motion under 12(b)(6) and without deciding the plaintiff's motion to strike due to this previous finding. This Court finds that the defendant misinterprets the magistrate judge's order to answer and misunderstands the directives of § 1915. The magistrate judge only found that the plaintiff's claims were not frivolous on his initial screening pursuant to 28 U.S.C. § 1915A, but such order did not make any findings as to whether the plaintiff had failed to state

a claim upon which relief can be granted. Thus, the magistrate judge's later finding that the plaintiff failed to state a claim upon which relief may be granted does not contradict his earlier finding that the plaintiff's claim was not frivolous, as the two are separate concepts.

B. FTCA Claims

The FTCA "permits the United States to be held liable in tort in the same respect as a private person would be liable under the law of the place where the act occurred." Medina v. United States, 259 F.3d 220, 223 (4th Cir. 2001). Thus, because the alleged negligent acts occurred in West Virginia, the substantive law of West Virginia governs this case.

1. Negligent Failure to Maintain the Grounds

As to plaintiff's claim that the defendant is liable for the negligent failure to maintain the grounds, the magistrate judge found that the plaintiff failed to establish a prima facie negligence claim under West Virginia law against the defendant, and thus, the claim must be dismissed. After a de novo review of the record, this Court agrees with the magistrate judges findings.

In West Virginia, to assert a claim for negligence, the plaintiff must establish "that the defendant owed a legal duty to the plaintiff and that by breaching that duty the defendant proximately caused the injuries of the plaintiff." Strahin v. Cleavenger, 603 S.E.2d 197, 205 (W. Va. 2004). The plaintiff's

7

negligence claim arises out of an injury he sustained from falling on even ground at USP Hazelton. In order to make a prima facie case of negligence in a slip and fall case under West Virginia law, an invitee must demonstrate that the owner had actual or constructive knowledge of the foreign substance or defective condition and that the invitee had no knowledge of the substance or condition or was prevented by the owner from discovering it. <u>McDonald v. University of West Virginia Board of Trustees</u>, 444 S.E.2d 57, 60 (1994). The owner "is not responsible if some small characteristic, commonly known to be part of the nature of the premises, precipitates a fall." <u>Id.</u>

First, as noted by the magistrate judge, the plaintiff cannot reasonably claim that he was unaware of the uneven and rocky grounds, as it is likely, as the magistrate judge notes, that he traveled through this area on a daily basis. In fact, he states that the conditions were "plain and obvious" in his complaint. Further, the plaintiff has not stated in his complaint that the defendant did in fact have actual knowledge of any defect in the grounds that caused his fall. Accordingly, the plaintiff has failed to plead a prima facie case for slip and fall negligence claim, and as such, the claim must be dismissed.

2.  <u>Medical Negligence Claims</u>

As to his medical negligence claims, the magistrate judge found that the plaintiff's claims must be dismissed because he has failed to produce the medical opinion of a qualified health care provider to raise a genuine issue of material fact with respect to the defendant's breach of the standard of care and has failed to comply with the requirements of West Virginia Code § 55-7B-6. After a de novo review of the record, this Court agrees.

To prove a medical negligence claim in West Virginia, the plaintiff must establish that:

> (a) the health care provider failed to exercise that degree of care, skill, and learning required or expected of a reasonable, prudent health care provider in the profession or class to which the health care provider belongs acting in the same or similar circumstances; and (b) such failure was a proximate cause of the injury or death.

W. Va. Code § 55-7B-3.  Expert testimony is required if the medical negligence claim involves an assessment of whether the plaintiff was properly diagnosed and whether the health care provider was the proximate cause of the plaintiff's injuries.  <u>Banfi v. Am. Hosp. for Rehab.</u>, 529 S.E.2d 600, 605-06 (W. Va. 2000).  Moreover, West Virginia Code § 55-7B-6 sets forth certain requirements that must be met before a health care provider may be sued.  Compliance with the requirements of West Virginia Code § 55-7B-6 is mandatory prior to filing suit in federal court.  <u>Stanley v. United States</u>, 321 F. Supp. 2d 805, 806-07 (N.D. W. Va. 2004).

These prerequisites for filing an action against a health care provider are as follows:

> (b) At least thirty days prior to the filing of a medical professional liability action against a health care provider, the claimant shall serve by certified mail, return receipt requested, a notice of claim on each health care provider the claimant will join in litigation. The notice of claim shall include a statement of the theory or theories of liability upon which a cause of action may be based, and a list of all health care providers and health care facilities to whom notices of claim are being sent, together with a screening certificate of merit. The screening certificate of merit shall be executed under oath by a health care provider qualified as an expert under the West Virginia rules of evidence and shall state with particularity: (1) The expert's familiarity with the applicable standard of care in issue; (2) the expert's qualifications; (3) the expert's opinion as to how the applicable standard of care was breached; and (4) the expert's opinion as to how the breach of the applicable standard of care resulted in injury or death. A separate screening certificate of merit must be provided for each health care provider against whom a claim is asserted. The person signing the screening certificate of merit shall have no financial interest in the underlying claim, but may participate as an expert witness in any judicial proceeding. Nothing in this subsection may be construed to limit the application of rule 15 of the rules of civil procedure.

W. Va. Code § 55-7B-6.

First, the plaintiff in this instance did not provide this Court with any evidence that the defendant breached the standard of care for his knee injuries. The only evidence provided were articles concerning the structure of the knee and various types of injuries. The plaintiff argues that his description of the incident provides the necessary evidence to establish a breach of the standard of care. This Court disagrees, as there is no showing

10

that the transport provided to the plaintiff or the delayed treatment of his left knee violated any established standard of care. As the magistrate judge noted, the plaintiff would be required to produce the medical opinion of a qualified health care provider to raise any genuine issue of material fact with respect to the defendant's breach of the duty of care.

Further, notwithstanding the plaintiff's failure to establish that the standard of care was breached, the plaintiff also did not comply with the requirements of West Virginia Code § 55-7B-6 because the plaintiff did not provide notice of the claim and screening certificate of merit from a health care provider. The plaintiff argues that he should not be forced to comply with the requirements of § 55-7B-6 and that the federal pleading standards should apply instead. In support of this argument, the plaintiff cites law from the District of Florida, the District of Massachusetts, and the Third Circuit. The Northern District of West Virginia has, however, previously found that the requirements of West Virginia Code § 55-7B-6 do apply as substantive law. <u>Stanley</u>, 321 F. Supp. 2d at 806-07. This Court finds no reason to deviate from such holding based on the findings of other districts and circuits applying different states' laws.

The plaintiff further objects to the use of state law, arguing that violations of the Bureau of Prison's duty to provide suitable quarters and provide for safekeeping, care, and subsidence of all

11

prisoners is actionable under the FTCA even if state law would not permit the suit. In support of this proposition, the plaintiff cites United States v. Muniz, 374 U.S. 150 (1963). Muniz dealt with the question of whether prisoners could bring suit against the government under the FTCA. The Supreme Court found that such suits should not be barred under the FTCA. The Court, however, still stated that while prisoners were not barred from bringing such suits under the FTCA, "[w]hether a claim could be made out would depend upon whether a private individual under like circumstances would be liable under state law." Id. at 153. Thus, while the plaintiff is capable of bringing a suit against the government concerning the medical personnel's actions while incarcerated, this Court must still apply West Virginia state law concerning medical negligence. As stated above, after applying such law, it is clear that the plaintiff has not stated a claim upon which relief may be granted.

## IV. Conclusion

For the reasons set forth above, this Court, after a de novo review, AFFIRMS AND ADOPTS the magistrate judge's report and recommendation in its entirety. Accordingly, the plaintiff's complaint is DISMISSED WITH PREJUDICE. Further, plaintiff's motion to strike (ECF No. 49) and motion to amend or correct the magistrate judge's order to answer (ECF No. 30) are DENIED AS MOOT.

It is ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

Should the plaintiff choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit on the issues to which objection was made, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within 60 days after the date of the entry of the judgment order.

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this order to the pro se plaintiff by certified mail and to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED: June 4, 2014

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE