IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA


TERRANCE SYKES, JR.

      Plaintiff,

v.                                      Civil Action No. 5:13CV92
                                             (STAMP)

UNITED STATES OF AMERICA,

      Defendant.


**MEMORANDUM OPINION AND ORDER**
**DENYING PLAINTIFF'S MOTION TO RECONSIDER**

I.  Background

On September 4, 2013, the plaintiff, an inmate at United States Penitentiary-Lee County and previously incarcerated at United States Penitentiary-Hazelton ("USP-Hazelton"), filed this civil action in this Court. In his complaint, the pro se[1] plaintiff raises claims under the Federal Tort Claims Act ("FTCA") pursuant to 28 U.S.C. § 2671, et seq. He alleges that while at USP-Hazelton, he injured his knees while moving through the yellow corridor to the recreation yard when he tried to avoid a violent alteration that erupted between two groups of inmates. The plaintiff asserts that when he fell on the uneven, rocky terrain, he sustained a ruptured right patellar tendon and a mild lateral subluxation of the left knee, with a partial tear of the left proximal patellar tendon and tendinosis or tendinitis in his left

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1416 (10th ed. 2014).

knee.  The plaintiff claims that he suffered further injury because the nurse improperly transported him and the staff improperly transported him to the hospital.

The plaintiff asserted that he underwent orthopedic surgical repair to his right patellar tendon on September 2, 2010.  Aside from one session with an orthopedic specialist on November 24, 2010, he was denied physical therapy for his knee.  As a result, the plaintiff claimed that he suffered mental and emotional distress.  Further, the plaintiff alleged that the injury to his left knee was overlooked and he received neither proper nor timely treatment for it because of the obvious injury to his right knee.  Because of this, the plaintiff claimed that he needed further surgery, he walked with a brace, took anti-inflammatory medication for pain, and he developed chronic arthritis in his knees.  The plaintiff also contended that the medical staff failed to truthfully record how his injuries occurred and conspired to cover up his improper transportation by fabricating a story to conceal their negligence.  In addition to his medical claims against USP-Hazelton medical staff, the plaintiff also raised a negligence claim against the defendant for its alleged negligent failure to keep the grounds free from hazards.  As relief, the plaintiff sought compensatory damages in the amount of $5,000,000.00.[2]

_____

[2]Insomuch as the plaintiff's objections and motion to reconsider concern the magistrate judge's factual recitation, this Court finds such objections to be without merit, as the factual

The defendant filed an answer, denying the allegations in the complaint and asserting 15 affirmative defenses. <u>See</u> ECF No. 47. The plaintiff thereafter filed a motion to strike the defendant's affirmative defenses, in which he reiterated his claims and asserted that because he is a <u>pro se</u> litigant, he is entitled to a liberal construction and that the defendant's pleading and defenses should be stricken as insufficient, frivolous, redundant, impertinent, and immaterial.

In accordance with Local Rule of Prisoner Litigation Procedure 2, this case was referred to United States Magistrate Judge James E. Seibert for initial review and report and recommendation. Magistrate Judge Seibert issued a report and recommendation recommending that the plaintiff's complaint be dismissed with prejudice for failure to state a claim upon which relief can be granted. The magistrate judge advised the parties that, pursuant to 28 U.S.C. § 636(b)(1)(C), any party may file written objections to his proposed findings and recommendations within 14 days after being served a copy of the report and recommendation. The plaintiff thereafter filed timely objections to the report and recommendation.

This Court entered a memorandum opinion and order affirming and adopting the magistrate judge's report and recommendation. ECF

corrections provided in the plaintiff's motion to reconsider do not alter the findings below.

No. 55.  First, this Court found that it was appropriate for the magistrate judge to recommend dismissal prior to deciding the plaintiff's motion to strike the defendant's affirmative defenses. Second, this Court found that because it was appropriate for the magistrate judge to do so, the plaintiff's motion to strike was denied as moot, as it did not affect the findings concerning the dismissal of his complaint.  This Court also determined that the magistrate judge's initial finding that the plaintiff's complaint was not frivolous aligned with the later finding that the plaintiff failed to state a claim upon which relief could be granted.  As to the plaintiff's FTCA claims, this Court reviewed the magistrate judge's findings <u>de novo</u>, and found that the plaintiff had in fact failed to state a claim upon which relief could be granted.

The plaintiff now files a motion for reconsideration under Rule 59(e) of the Federal Rules of Civil Procedure.  ECF No. 60. First, the plaintiff argues that this Court improperly applied 28 U.S.C. § 1915(e) because the plaintiff was required to pay some of the filing fee before the magistrate judge conducted the initial review.  Second, the plaintiff takes issue with the magistrate judge providing no notice before recommending the dismissal of his case.  Third, the plaintiff argues that this Court's opinion was in conflict with the magistrate judge's initial review that found his claim to not be frivolous.  Fourth, the plaintiff argues that there was no record for this Court to review, and any alleged record is

4

incomplete to base a decision on.  The remainder of the plaintiff's objections concern the plaintiff's argument that this Court erred in its findings concerning his negligence and medical malpractice claims.  For the reasons set forth below, the plaintiff's motion for reconsideration will be DENIED.

## II.  Applicable Law

The United States Court of Appeals for the Fourth Circuit has recognized three grounds for amending an earlier judgment: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice.  Pacific Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998). "[Federal] Rule [of Civil Procedure] 59(e) motions may not be used . . . to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance."  Id.  A Rule 59(e) motion may not be used to relitigate old matters and is an extraordinary remedy that should be used sparingly.  Id.  It is improper to use such a motion to ask the court to "rethink what the court has already thought through--rightly or wrongly."  Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983).

### III.  Discussion

The plaintiff first argues that this Court improperly applied 28 U.S.C. § 1915(e) because the plaintiff was required to pay some of the filing fee before the magistrate judge conducted the initial review.  The plaintiff here claims that according to case law from the Supreme Court of the United States, a court cannot apply a rule or law that has no effect on a case.  Because of this, the plaintiff claims that 28 U.S.C. § 1915(e) was inappropriately applied to his complaint.

Pursuant to 28 U.S.C. § 1915(e)(2), this Court is required to dismiss all civil actions filed without prepayment of a filing fee if at any time it is determined that the plaintiff proceeding without prepayment "fails to state a claim on which relief may be granted" or if the action seeks recovery from an individual that is immune.  In determining whether a complaint states a claim upon which relief may be granted, a court should not scrutinize the pleadings "with such technical nicety that a meritorious claim should be defeated . . . ."  Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978).  Thus, a pro se complaint should not be summarily dismissed unless "it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  Haines v. Kerner, 404 U.S. 519, 521 (1972) (quoting Conley v. Gibson, 355 U.S. 41, 45–46 (1957)).  Further, 28 U.S.C. § 1915(e)(2)(B) confers "discretion on a district court to

dismiss an <u>in forma pauperis</u> action if it is frivolous or fails to state a claim on which relief may be granted." <u>O'Connor v. United States of America</u>, 63 F. App'x 446, 448 (10th Cir. 2003).

Under the law provided above, this Court does not see why it should have delayed action on determining the merits of the plaintiff's claim for the reasons he asserts.  Although he claims to have paid a fee, 28 U.S.C. § 1915(e)(2) clearly provides that the dismissal for the failure to state a claim can be made "at any time."  As provided in this Court's memorandum opinion and order adopting the magistrate judge's recommendation, the plaintiff failed to state a claim regarding all of his allegations.  <u>See</u> ECF No. 55.  This determination clearly fell within this Court's discretion.  <u>O'Connor</u>, 63 F. App'x at 448.  Here, the plaintiff now claims that case law disproves the way the magistrate judge and this Court applied 28 U.S.C. § 1915(e).  Despite his claim, the plaintiff fails to cite to any case law and this Court finds no interpretation of the statute that aligns with the plaintiff's interpretation.

Next, the plaintiff takes issue with the magistrate judge's alleged failure to provide notice before recommending the dismissal of his case.  Specifically, the plaintiff claims that this Court erred in applying 28 U.S.C. § 1915(e)(2)(B) because he allegedly received no advance notice that the magistrate judge would recommend dismissing his civil action.  However, the statute does

not require the magistrate judge to notify the plaintiff in advance of the decision to recommend dismissal. More importantly, the plaintiff was aware or should have been aware of the issues discussed in the magistrate judge's report and recommendation because the defendant timely filed an answer to the plaintiff's complaint. According to the filing, the plaintiff was properly served the answer and thus would have been made aware of the issues that would be presented in the magistrate judge's report and recommendation. Further, the plaintiff had 14 days to file objections to the report and recommendation, which he did file. This contradicts his claim that he "was denied a full and fair opportunity to object to the magistrate judge's report and recommendation." ECF No. 1 *2. This Court again finds no error regarding its affirming and adopting of the magistrate judge's report.

In addition to the above arguments, the plaintiff asserts that this Court's opinion conflicted with the magistrate judge's initial review that found his claim to not be frivolous. However, the plaintiff is misinterpreting the applicable statute. Under 28 U.S.C. § 1915A(a), a court is directed to review, before docketing, a "complaint in a civil action in which a prisoner seeks redress from a governmental entity." Here, the plaintiff sought relief from a governmental entity and thus, the magistrate judge had to perform a judicial review of the complaint to determine if it was

frivolous, malicious, or failed to state a claim upon which relief could be granted. 28 U.S.C. § 1915A(b). At that preliminary stage in the litigation, the magistrate judge simply performed this screening function and determined that the plaintiff, based on his complaint, could have had a cause of action. The magistrate judge's preliminary determination merely was an expression under the statute that summary dismissal was not warranted at that time. However, as litigation progressed, it became clear that the plaintiff's claims on the merits failed to state a claim upon which relief could be granted. Thus, the claims were recommended for dismissal. Accordingly, this Court fails to find any error regarding the alleged conflict between the magistrate judge's preliminary screening and this Court's later memorandum opinion and order.

Fourth, the plaintiff argues that no record existed for this Court to review, and that any alleged record was incomplete to base a decision on. That simply is not the case. Under the magistrate judge's report and recommendation, all filings and pleadings were properly reviewed and decided upon. This Court had a full record with which to affirm and adopt the magistrate judge's findings. This Court again finds no error in the adequacy of the record before it and the analysis of such record.

The remainder of the plaintiff's objections concern the plaintiff's argument that this Court erred in its findings

concerning his negligence and medical malpractice claims. Specifically, the plaintiff claims that concerning his FTCA claim, West Virginia law should not have applied. Concerning his medical malpractice claim, the plaintiff asserts that he sufficiently presented evidence to prove both a duty of care and a breach of such duty. He points to the several medical articles that he submitted as proof of both the standard of care and the alleged breach. However, the Court again sees no error in its findings. First, regarding the FTCA claim, this Court's findings were properly based on West Virginia law as required under <u>Medina v. United States</u>, 259 F.3d 220, 223 (4th Cir. 2001)(The FTCA "permits the United States to be held liable in tort in the same respect as a private person would be liable under the law of the place where the act occurred."). Second, this Court again finds that the magistrate judge's findings, which this Court relied on for its memorandum opinion and order (ECF No. 50), were correctly based on the record before him. The plaintiff failed to show sufficient evidence to satisfy the legal standards under his medical malpractice claim. He presented little to no evidence, and this Court properly dismissed his claim for that reason.

Under the standard of review provided earlier in this opinion, this Court finds no "clear error of law" or "manifest injustice" in the prior judicial determinations that require correction. Because of that, the plaintiff's motion for reconsideration must be denied.

### IV.  Conclusion

For the reasons stated above, the plaintiff's motion for reconsideration is hereby DENIED.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se plaintiff by certified mail and to counsel of record herein.

DATED:  October 23, 2014

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE